UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdu Tuku, as trustee for the next-of-kin of Abdulhafiz Umer Hussein, deceased,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TraLo Companies, Inc., a Minnesota corporation.<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Abdu Tuku, as trustee for the next-of-kin of Abdulhafiz Umer Hussein (Abdul Hussein), deceased, alleges:

## INTRODUCTION

Abdul Hussein was a 37-year-old husband and father of three who supported his family as a truck driver until October 18, 2016. That day, Abdul Hussein was driving his tractor-trailer on a four-lane, divided interstate highway. Around noon, an oncoming tractor-trailer crossed the median toward Abdul Hussein's vehicle. The tractor-trailers collided head-on, killing Abdul Hussein and the other driver.

## PARTIES

1.　Plaintiff Abdu Tuku resides in Reston, Fairfax County, Virginia.

2.　Abdul Hussein, the decedent, was born on April 21, 1979, in Ethiopia and died on October 18, 2016. He was a citizen of the United States of America. Abdul Hussein is survived by his wife, Mona, and their three children, now ages twelve, ten, and four.

3. On June 26, 2017, Mr. Tuku was appointed trustee for the next-of-kin of Abdul Hussein to maintain this wrongful death action.

4. At all times material to this case, Michael R. Kalvig (Kalvig) was a resident of Glenville, Freeborn County, Minnesota, and was employed by Defendant TraLo Companies, Inc. (TraLo) as a truck driver.

5. Defendant TraLo is a Minnesota corporation with its principal place of business at 3233 NW 52nd Avenue, Owatonna, Steele County, MN 55060.

6. At all times material to this case, Defendant TraLo employed or contracted truck drivers to drive tractor-trailers.

7. All acts and omissions of Kalvig described in this Complaint were committed within the scope of and during the course of their employment contract with Defendant TraLo.

## JURISDICTION AND VENUE

8. Mr. Tuku brings his complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy far exceeds $75,000.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b), (c). Defendant TraLo Companies, Inc. resides in the State of Minnesota. A corporation is deemed to reside in any judicial district where its contact would be sufficient to subject it to personal jurisdiction at the time the action is commenced. Defendant TraLo Companies, Inc. operated a trucking business in Owatonna, Minnesota at all times relevant and including the day this action is commenced, within the boundaries of the

89213784.1

United States District Court of the State of Minnesota.

## FACTS

10. In October 2016, Abdul Hussein was 37 years old. He and his wife, Mona, had three young children ages ten, eight, and two.

11. Abdul Hussein worked as a truck driver to support his family.

12. On October 18, 2016, Abdul Hussein was driving his tractor-trailer westbound on I-90 in Winona County, Minnesota.

13. On October 18, 2016, Kalvig was driving a tractor-trailer eastbound on I-90 in Winona County, Minnesota as an employee of Defendant TraLo.

14. October 18, 2016 was a sunny, clear day, and the road was dry.

15. Around noon, Kalvig's tractor-trailer drifted to its left and crossed through the 53-foot wide grass median into the right lane of the westbound traffic.

16. Kalvig's tractor-trailer collided head-on with Abdul Hussein's tractor-trailer in the right lane of westbound traffic.

17. Abdul Hussein and Kalvig died as a result of the collision.

## COUNT 1
### (Negligence of Michael Kalvig)

18. Mr. Tuku re-alleges all preceding paragraphs.

19. Kalvig had a duty to act reasonably and to use due care while driving.

20. At the time and place of the subject collision, Kalvig operated his tractor-trailer in a careless and negligent manner. Illustrations of Mr. Kalvig's carelessness and negligence, cited by way of example but not limitation, are as follows:

89213784.1

a. Failure to pay proper attention to the roadway and traffic;

b. Failure to keep a proper lookout while operating a vehicle;

c. Failure to maintain reasonable and proper control of a vehicle;

d. Failure to control the vehicle in order to avoid a collision;

e. Failure to operate a vehicle at a reasonable and prudent speed under the conditions;

f. Failure to operate a vehicle with due care;

g. Failure to obey the traffic laws of the state of Minnesota; and

h. Other careless and negligent acts and omissions too numerous to mention herein.

21. Because Kalvig was acting within the scope of his employment for Defendant TraLo Companies, Inc. at all material times, Defendant TraLo is vicariously liable for Kalvig's negligence.

## DAMAGES

22. Mr. Tuku realleges all preceding paragraphs.

23. As a direct and proximate result of Kalvig's negligence, Abdul Hussein died, and his next-of-kin have suffered, and will continue to suffer, the loss of support, companionship, and counsel, pecuniary loss, and other damages far in excess of seventy-five thousand dollars.

## DEMAND FOR RELIEF

Plaintiff Abdu Tuku prays for judgment against defendant in an amount far in excess of $75,000, together with costs, disbursements, prejudgment interest, and such

other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff Abdu Tuku demands a jury trial.

DATED: __9/12__, 2018

ROBINS KAPLAN LLP

By: _____
Chris Messerly (177039)
Scott A. Jurchisin (398241)

800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612 349 8500
CMesserly@RobinsKaplan.com
SJurchisin@RobinsKaplan.com

**ATTORNEYS FOR PLAINTIFF**

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, subd. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

DATED: 9/12, 2018

**ROBINS KAPLAN LLP**

By: _____
Chris Messerly (177039)
Scott A. Jurchisin (398241)

800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612 349 8500
CMesserly@RobinsKaplan.com
SJurchisin@RobinsKaplan.com

**ATTORNEYS FOR PLAINTIFF**